UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 10-6344 DSF (AGRx) | Date | 9/20/10 |
| Title | Wright, et al. v. Menzies Aviation, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Action to the Superior Court of California, Los Angeles County for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). But "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

Although this is a class action, Defendants do not attempt to establish jurisdiction pursuant to the Class Action Fairness Act ("CAFA"); they attempt instead to establish diversity jurisdiction. To establish diversity jurisdiction over a class action, Defendants must show that: (1) there is complete diversity between the named parties; and (2) the amount in controversy exceeds $75,000 with respect to the named plaintiffs.[1] Gibson v. Chrysler Corp., 261 F.3d 927, 941 (9th Cir. 2001).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the

---

[1] Even after CAFA, federal courts can still exercise diversity jurisdiction over class actions. See Lyon v. W.W. Grainger Inc., 2010 WL 1753194, *1 (N.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). In deciding whether a defendant meets this standard, courts consider 'facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Id. (internal quotation marks omitted). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91.

It is not facially evident from the Complaint that the amount in controversy with respect to the named plaintiff exceeds $75,000. Nevertheless, Defendants rely solely on the allegations in the Complaint for their assertion that the amount in controversy exceeds $75,000. The Court finds Defendants fail to show by a preponderance of the evidence that the action meets the amount in controversy requirement. For this reason, the Court REMANDS the action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.